UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 13-80031-CIV-MARRA

JOHN KORMAN,

    Plaintiff,

vs.

GINA GRAY,
SELENE FINANCE LP,

    Defendants.
_____/

**OPINION AND ORDER**

THIS CAUSE is before the Court upon Defendants, Gina Gray ("Gray") and Selene Finance LP's ("Selene") Motion to Dismiss Plaintiff's Amended Verified Complaint [DE 12]. The Court has reviewed all of the papers submitted by the parties in connection with the motion, the entire file in this case, and is otherwise duly advised in the premises.

In the course of reviewing these papers, the Court noted that the case arises out of alleged conduct on the part of Defendants in a foreclosure case both parties refer to as currently pending in Florida state court under Case No. 50-2009-CA-017057-XXXX MB, in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida. The existence of this first-filed case caused the Court to raise the issue of whether the instant case should be stayed under the *Colorado River Abstention Doctrine*[1] to permit the state court to resolve initially the issues

---

[1] *See Colorado River Water Conservation District v. U.S.,* 424 U.S. 800 (1976). The *Colorado River* abstention doctrine authorizes a federal district court, in exceptional cases, to dismiss or stay an action when there is an ongoing parallel action in state court.

relating to the validity of the mortgage on the property and whether the promissory note related to the property was properly transferred by the original lender. Therefore, the Court ordered the Plaintiff to show cause why this action should not be stayed pending the resolution of the state court case, by filing a brief with this Court, appending thereto all of the relevant state court pleadings [DE 24].

Plaintiff's response to the Court's Order to Show Cause is before the Court [DE 25], along with Defendants' Reply [DE 26]. As expected, Plaintiff opposes having this case stayed pending the resolution of the state court action. Despite the fact that Defendant states that Plaintiff's allegations in the Federal action "are almost identical to the affirmative defenses raised in his Amended Answer in the State court action", *id.* at 5, Defendant also opposes having this case stayed. In light of the position of both parties, the Court will not stay this case *sua sponte* and will address the pending Motion.

## **LEGAL STANDARDS**

### **Motion to Dismiss for Failure to State a Claim**

With respect to the motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the Court observes first that Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The Supreme Court has held that "[w]hile a complaint attacked by a 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above a speculative level." *Bell Atlantic Corp. v. Twombly*, 550

U.S. 544, 555 (2007) (internal citations omitted).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950.

When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). Furthermore, in reviewing the complaint, the Court is mindful that *pro se* complaints are to be held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

**Motion to Dismiss for Lack of Subject Matter Jurisdiction**

As the Eleventh Circuit explained in *Lawrence v. Dunbar*, 919 F.2d 1525 (11th Cir. 1990),

> Attacks on subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) come in two forms.  "Facial attacks" on the complaint "require[ ] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." . . . "Factual attacks," on the other hand, challenge "the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered."

*Id*. at 1528-29 (Citations Omitted).

## DISCUSSION

### The Court Has Subject Matter Jurisdiction

Defendants seek the dismissal of the Complaint under various alternative theories. They argue in a facial attack on the Complaint that the Court does not have subject matter jurisdiction over Counts I-IV because Plaintiff has not claimed that the amount in controversy applicable to these state counts exceeds $75,000 [DE 12-1 at 6]. First, Plaintiff has asserted that the amount in controversy exceeds $75,000 [DE 11 at 2, ¶1]. Second, Plaintiff specifically seeks over $600,000 in damages in Counts I-IV [DE 11 at 23, 30, 35 and 39].[2]

Finally, even if Plaintiff had not sought damages in these Counts in excess of $75,000, there is no question that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as several counts in the Complaint are brought pursuant to Federal statutes. There is no threshold damage amount required to bring suit in Federal court under a Federal statute.

Furthermore, pursuant to 28 U.S.C. §1367(a), the Court has supplemental jurisdiction over Counts I-IV. The Court, therefore, finds that it has subject matter jurisdiction in this case over all asserted claims.

---

[2]Plaintiff also alleges that prior to the Lis Pendens filing, he had credit in excess of $300,000, exclusive of the mortgage, but that after the Lis Pendens, he has zero credit [DE 11 at 21, ¶80]. Defendants argue in their motion papers that the Lis Pendens was filed before Defendants became involved; therefore, this loss of credit was not caused by them and should not be taken into account in measuring Plaintiff's damages for purposes of diversity jurisdiction [DE 12-1 at 8]. Plaintiff argues that the foreclosure action did not actually commence until after Defendant Grey verified the debt [DE 15 at 6]. There are sufficient allegations in the Complaint which, taken as true for this purpose, support that Plaintiff's credit could not have been regained once Defendants took the actions alleged. Although Plaintiff may not eventually succeed with this argument, he has sufficiently alleged damages in excess of $75,000 with or without this particular item of damages.

### Gina Gray Can Be Sued In Her Individual Capacity

Defendants' Motion seeks the dismissal of Counts I-IV against Gina Gray, arguing that she verified the second amended complaint in her representative capacity as Vice-President of Defendant Selene Finance, LP, and cannot, therefore, be held individually liable [DE 12-1 at 5]. Plaintiff responds by arguing that "Gina Gray acted outside of her authorized capacity as Vice President of Selene Finance LP, by knowingly, and falsely verifying the Second Amended Complaint; as such Defendant Gina Gray could not be acting as Vice President of Selene Finance LP, which does not authorize said conduct . . . ."

Some of Plaintiff's allegations assert that Defendant Gray took actions in her capacity as Vice-President. Other allegations do not state that. At this stage of the proceeding, a Plaintiff is entitled to plead alternatively. If, as alleged, Defendant Gray intentionally falsified documents, Defendant Selene might ultimately establish that she did so *ultra vires*, and it is not responsible for her actions. Alternatively, discovery might disclose that Selene itself was liable and that Defendant Gray acted solely in her representative capacity. At this stage of the proceeding, when the Court must accept all of Plaintiff's allegations as true, it is not appropriate to dismiss the action against Defendant Gray.

The motion also seeks the dismissal of Counts V-VII against Gina Gray, arguing that they do not contain any allegations of wrongdoing, acts or omissions against her [*Id*. at 6]. As to Counts V-VII, it is not necessary to dismiss these Counts as to Defendant Gina Gray, because they are not brought against her. All the prayers for relief in these Counts are clear that they are

seeking relief only against Defendant Selene.[3]

## Plaintiff Has Not Stated a Claim In Counts I-IV

Defendants argue that Plaintiff's Complaint fails to state a claim for fraudulent misrepresentation against both Defendants. The Court agrees. Plaintiff has not pled that he relied upon the alleged misrepresentations. *See, e.g., Golden v. Complete Holdings, Inc.*, 818 F. Supp. 1495, 1498 (M.D. Fla. 1993). In addition, Plaintiff has also outlined claims in his "wherefore" clauses. The "wherefore" clause in Counts I and II list the following alleged claims: intentional infliction of emotional distress; damage caused to Plaintiff's credit as a direct result of Defendants' outrageous tortious conduct; fraud on the state court; the attempted seizure of Plaintiff's property by fabricating documents; and fraud [DE 11 at 22-23, 30]. Asserting separate and distinct claims in the "wherefore" clause is improper. Even if the Court was to take into account the claims outlined in Plaintiff's wherefore clauses, Plaintiff fails to state valid claims in Counts I-IV. Furthermore, inasmuch as all of the behavior Plaintiff sets forth in support of these counts arose in connection with the pending state foreclosure case, Florida's litigation privilege provides Defendants with absolute immunity for acts occurring during the course of judicial proceedings. *See, e.g., Jackson v. BellSouth Telecommunications*, 372 F.3d 1250, 1274 (11th Cir. 2004).

## Plaintiff Has Stated a Claim for Violation of the Fair Debt Collections Practices Act In Counts V and VI

In Count V of the Complaint, Plaintiff alleges that he sent two Requests for Validation to

---

[3]In his response to Defendant's motion, Plaintiff argues that the "[v]iolation of the FDCPA as to Defendants GINA GRAY and SELENE FINANCE LP should stand." [DE 15 at 20]. Plaintiff has not, however, alleged a claim against Gina Gray under this statute in the existing Complaint.

Defendant Selene Finance LP which were unanswered [DE 11 at ¶¶ 135-138]. Plaintiff seeks damages for Selene's violation of 15 U.S.C. 1692g, section 809 of the Fair Debt Collection Practices Act ("FDCPA") [DE 11 at 42].[4]

In Count VI of the Complaint, Plaintiff seeks damages for Selene's alleged violation of 15 U.S.C. 1692e, section 807 of the FDCPA [DE 11 at 43-47], alleging that Selene fabricated the alleged debt, its character and amount [ DE 11 at ¶ 158].

Defendant Selene's motion[5] argues that these counts are barred by Florida's litigation privilege [DE 12-1 at 16-17]. Selene states that the alleged acts and/or omissions "occurred during the state court foreclosure action", [*Id*. at 17], which is a denial of the allegations of the complaint and improper on a motion to dismiss. The factual allegations of the Complaint, however, indicate that the acts and omissions set forth in Counts V and VI occurred outside of the pending state foreclosure action. The Court must accept these allegations as true for purposes of this motion.

According to the complaint, Plaintiff's Requests for Validation were not submitted in connection with the pending litigation. Exhibit "C" attached to and incorporated by reference into the Complaint contains Plaintiff's letter requests to Defendant Selene. The first request specifically states that it was sent in response to a letter sent to Plaintiff by Defendant Selene [DE 11-1 at 21]. One of Defendant Selene's letters to Plaintiff is also appended to the Complaint [DE

---

[4]This allegation appears in a "wherefore" clause, which, as noted *supra*, is not correct form, but is accepted by the Court in light of Plaintiff's *pro se* status.

[5]Although both Defendants make arguments as to Counts V and VI, these counts only seek judgments against Defendant Selene; therefore, the Court refers herein solely as to Selene in analyzing these counts.

11-1 at 11]. Defendant Selene's letter advises Plaintiff that the servicing of his loan has been transferred to Selene [*Id.*]. Neither Selene's nor Plaintiff's letters contain any reference to the foreclosure action.

Defendant Selene further argues that in order to state a claim for an FDCPA violation,

> Plaintiff is required to show that Defendants were debt collectors engaged in debt collection activities prohibited by the FDCPA. The facts alleged in the complaint at issue show, at best, that Defendants verified and filed the second amended complaint against Plaintiff. . . .Defendants in this case did not mail any correspondence to Plaintiff demanding payment or take any other action that could be interpreted or inferred as debt collection activities[6]. . . .Except for the conclusory statements that Defendants were debt collectors, the complaint failed to allege any set of facts to establish that Defendants were debt collectors engaged in debt collection activities prohibited by the FDCPA.

[DE 12-1 at 15-16].

Defendant completely ignores the allegations in the Complaint relative to the letter sent by Selene to Plaintiff, and Plaintiff's Requests for Validation. Defendant also ignores the following language at the bottom of Selene's May 9, 2012 letter to Plaintiff: "**SELENE FINANCE LP IS A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT YOUR DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**" [DE 11-1 at 11, Emphasis in original]. While Plaintiff ultimately may fail to prove that Selene was a debt collector, because Plaintiff has alleged that Selene described itself as one, Plaintiff has sufficiently alleged this element of the claim.

---

[6]Defendant also argues that a foreclosure action is not debt collection for purposes of the FDCPA. [DE 12-1 at 13-15]. As noted *supra*, the foreclosure action is not the basis for the allegations in Counts V and VI; therefore, this argument has no relevance to the analysis of the viability of these counts.

Defendant does not address the allegation that it failed to respond to Plaintiff's requests for validation of the debt.  Defendant also does not address the specific allegations in Count VI other than to state that the "outstanding balance stated in the second amended complaint was consistent with the amount stated in the default letter, complaint and amended complaint." [DE 12-1 at 17].

A Plaintiff alleging a violation of the FDCPA must prove that "(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Kaplan v. Assetcare, Inc.*, 88 F. Supp.2d 1355, 1360-61 (S.D. Fla. 2000).  Taking into account the allegations in the Complaint along with the incorporated exhibits thereto, under this standard, Plaintiff has stated a claim in Counts V and VI.

**Plaintiff Has Not Stated a Claim for Violation of the Truth in Lending Act and the Real Estate Settlement Procedures Act**

Plaintiff alleges in Count VII that he mailed Qualified Written Requests ("QWR") to Defendant Selene pursuant to the Truth in Lending Act ("TILA") and the Real Estate Settlement Procedures Act ("RESPA") [DE 11 at ¶¶ 160-171].  Although Defendant Selene allegedly provided Plaintiff with some documents in response thereto, Plaintiff alleges that Selene never responded to his inquiry to identify with specificity the party for whom Selene is servicing his debt [*Id*. at ¶¶ 163-164, 168-171].

Defendant notes that pursuant to RESPA,

> Whoever fails to comply with any provision of this section shall be
> liable to the borrower for each such failure in the following
> amounts:

9

> 1. (1) Individuals
>
> In the case of any action by an individual, an amount equal to the sum of--
>
> **(A)** any actual damages[7] to the borrower as a result of the failure; and
>
> **(B)** any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $2,000.[8]

12 U.S.C. § 2605(f)(1).

Plaintiff's Complaint seeks "actual damages if any be proven" in his "wherefore" clause in Count VII, but does not allege that he has suffered any such damages. Plaintiff also seeks $2,000.00 in statutory damages, but has failed to allege a pattern or practice of noncompliance on the part of Selene. As such, Plaintiff has failed to state a claim under RESPA.

Plaintiff has also failed to state a claim under TILA. Plaintiff alleges in his complaint that Selene violated the requirements of 15 U.S.C. § 1641(f). This section states that "[u]pon written request by the obligor, the servicer shall provide the obligor, to the best knowledge of the servicer, with the name, address, and telephone number of the owner of the obligation or the

---

[7]Defendant mis-states what damages can constitute actual damages. Defendant erroneously states that actual damages are limited to economic pecuniary injury, citing to *McLean v. GMAC Mortg. Corp.*, 595 F. Supp. 2d 1360 (S.D. Fla. 2009), *aff'd*, 398 F. App'x 467 (11th Cir. 2010). However, both the District Court and the Eleventh Circuit in *McLean* held that non-pecuniary damages are recoverable under the statute as well. The Eleventh Circuit held: "Construing the term 'actual damages' broadly, and based on the interpretations of 'actual damages' in other consumer-protection statutes that are remedial in nature, plaintiffs arguably may recover for non-pecuniary damages, such as emotional distress and pain and suffering under RESPA." 398 F. App'x at 471.

[8]Defendant incorrectly cites this amount as $1,000, rather than as $2,000.

master servicer of the obligation." Although a servicer has this obligation under TILA, under 15 U.S.C. §1640, only the owner of the loan can be held liable for the servicer's violation of its obligations under the statute. *See, e.g., Kissinger v. Wells Fargo Bank, N.A.*, 888 F. Supp.2d 1309, 1315 (S.D. Fla. 2012).

### Leave for Plaintiff to File an Amended Complaint

In light of Plaintiff's *pro se* status, the Court gives Plaintiff permission to file an amended complaint within 30 days of the entering of this Order taking into account the Court's comments herein as to the counts in his Complaint that currently fail to state a claim. If Plaintiff decides to amend his complaint, he should keep in mind that his allegations should not be contained in his "wherefore" clauses, rather, they should be set forth as separately numbered paragraphs in the body of the Complaint.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that

1. Defendants, Gina Gray and Selene Finance LP's Motion to Dismiss Plaintiff's Amended Verified Complaint **[DE 12]** is **GRANTED IN PART AND DENIED IN PART**.

2. Counts I, II, III, IV and VII are **DISMISSED WITHOUT PREJUDICE**.

3. Plaintiff may file an amended complaint within 30 days of the filing of this Order.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida this 11th day of November, 2013.

_____

KENNETH A. MARRA

United States District Judge