UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 13-80031-CIV-MARRA

JOHN KORMAN,

    Plaintiff,

vs.

GINA GRAY,
SELENE FINANCE LP,
GLADSTONE LAW GROUP, P.A.

    Defendants.
_____/

## OPINION AND ORDER

THIS CAUSE is before the Court upon Plaintiff's Motion for Temporary or Permanent Restraining Order to Stay Foreclosure Sale Pending Resolution of this Action or Pending Appeal [DE 55]; Plaintiff's Emergency Verified Motion for Temporary Restraining Order or Preliminary Injunction [DE 67]; and Plaintiff's Motion for Temporary or Permanent Restraining Order to Stay Foreclosure Sale [DE 69]. Defendants Gina Gray and Selene Finance LP included a Motion for Attorney Fees [DE 61] as part of their responding papers [DE 60], which the Court also addresses herein. Although Plaintiff's time to respond thereto has not yet lapsed, the Court will be denying the motion; therefore, it does not need to review Plaintiff's response.

    Also before the Court are Defendants' Gina Gray and Selene Finance, LP's Request for Judicial Notice of Document Recorded in the Official Records of Palm Beach County, Florida and the Facts Contained Therein [DE 47] and Defendants' Gina Gray and Selene Finance, LP's

1

Request For Judicial Notice of Document Recorded in the Official Records of Palm Beach County, Florida and the Facts Contained Therein [DE 51].

The Court previously denied the request in DE 67 to treat it as an emergency [DE 68]. Although DE 67 and 69 are not yet ripe, they are repetitive of DE 55; therefore, the Court finds it unnecessary to wait for responding papers relative thereto.  The Court has reviewed all papers submitted in connection with the pending motions and is otherwise duly advised in the premises.

Plaintiff asks this Court to stay what he describes as the imminent foreclosure sale of his home.  Plaintiff notes that the foreclosure action was decided against him on February 14, 2014 in a Florida state court action. [DE 56 at 3].  He indicates that he has retained counsel therein who has filed a Notice of Appeal therefrom. [*Id*. at 9].  He further states that on June 23, 2014, his home was scheduled to be sold at auction on July 28, 2014. [*Id*.].

Under the Anti-Injunction Act, a District Court "may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. §2283. None of the three exceptions apply here; therefore, the Court cannot enjoin the state court's foreclosure proceeding.  *See, e.g., Arthur v. JP Morgan Chase Bank, NA*, No. 12-12317, 2014 WL 2620955 *8 (11th Cir. 2014);[1] *Phillips v. Charles Schreiner Bank,* 894 F.2d 127, 131-32 (5th Cir. 1990); *Unger v. Mandell,* 471 F.2d 1163, 1165 (2d Cir. 1972); *Schwartz v. Bank of Hawaii,* 2012 WL 3841294 *6 (D. Haw.  2012); *St. Clair v. Wertzberger,* 637 F. Supp. 2d 251, 255 (D. N.J. (2009); *Smith v. Encore Credit Corp.,* 623 F. Supp. 2d 910, 919 (N.D. Ohio 2008).

---

[1]This case was not selected for publication in the Federal Reporter.  Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority. 11th Cir.  Rule 36-2.

Furthermore, the Court notes that the State Court indicated that Plaintiff could obtain a stay of the foreclosure upon posting a bond in the amount of $750,000.00 [DE 60-14]. In light of the total damages of $1,017,669.90 assessed by the State Court against Plaintiff [DE 47-1], even if this Court could issue an injunction, it would not do so without requiring a comparable bond. *See* Fed. R. Civ. P. Rule 65(c).

Regarding the Motion for Attorney's Fees brought by Defendants Gina Gray and Selene Finance LP [DE 61], the Court declines to award such fees.

Defendants Gina Gray and Selene Finance, LP have requested the Court to take Judicial Notice pursuant to Fed. R. Evid. 201 of the Final Judgment of Foreclosure relating to Plaintiff's property [DE 47] and an Order Granting Motion to Dismiss Case recorded in a state court proceeding [DE 51]. This is not a proper use of this evidentiary rule. The Court can rely upon public court documents without taking judicial notice of them under this evidentiary rule. The Court denies the requests; however, Defendants may seek to introduce documents into evidence at the appropriate stage of this proceeding.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that

1. Plaintiff's Motion for Temporary or Permanent Restraining Order to Stay Foreclosure Sale Pending Resolution of this Action or Pending Appeal **[DE 55]** is **DENIED**.

2. Plaintiff's Emergency Verified Motion for Temporary Restraining Order or Preliminary Injunction **[DE 67]** is **DENIED**.

3. Plaintiff's Motion for Temporary or Permanent Restraining Order to Stay Foreclosure Sale **[DE 69]** is **DENIED**.

4. Defendants Gina Gray and Selene Finance LP's Motion for Attorney Fees **[DE 61]** is **DENIED**.

5. Defendants' Gina Gray and Selene Finance, LP's Request for Judicial Notice of Document Recorded in the Official Records of Palm Beach County, Florida and the Facts Contained Therein **[DE 47]** is **DENIED WITHOUT PREJUDICE**.

6. Defendants' Gina Gray and Selene Finance, LP's Request For Judicial Notice of Document Recorded in the Official Records of Palm Beach County, Florida and the Facts Contained Therein **[DE 51]** is **DENIED WITHOUT PREJUDICE**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida this 24th day of July, 2014.

_____
KENNETH A. MARRA
United States District Judge